# THE VILLAGE OF VICKSBURG v. EDMUND S. BRIGGS..

*Disorderly conduct—Violation of village ordinance—Evidence..*

1. A section of a village ordinance which provides that "any assemblage of persons, in any place in said village, engaged; in any noisy, boisterous, contentious, or quarrelsome language or strife, or who shall be fighting or quarreling thereat, shall be deemed, and is hereby declared, a disorderly assemblage," is not limited in its scope by a prior section of the same ordinance which provides that "every assemblage of persons in any street, lane, alley, or public place in said village, and upon any sidewalk or cross-walk thereof, and upon the street corners, and in front of or adjacent to any of the churches, hotels, business houses, or public buildings in the said village, engaged in noisy, boisterous, contentious language or conduct, shall be deemed a disorderly assemblage," so as to make it

inapplicable to a disorderly assemblage of persons in a saloon in said village.

2. The contention that, unless the section first cited is limited in its scope to public places, such as are enumerated in the section last cited, it is unconstitutional, is untenable.

3. Where in a prosecution for a violation of a village ordinance which declares any assemblage of persons, in any place in the village, engaged in any noisy, boisterous, contentious, or quarrelsome language or strife, or who shall be fighting or quarreling thereat, a disorderly assemblage, and providing for the punishment of any person or persons who shall be convicted of a violation of said ordinance, the complaint alleges, and the testimony tends to show, that the disorderly assemblage was in a saloon in said village, it is not error for the court to permit the prosecuting attorney to cross-examine the respondent as to facts occurring after he had left the saloon, it appearing that the inquiry related to the subject of whether or not he was attempting to follow up the parties with whom he was engaged in the quarrel in the saloon, thus bearing upon the question of motive.

Exceptions before judgment from Kalamazoo.    (Buck, J.)    Submitted on briefs October 5, 1894.    Decided December 7, 1894.

Respondent was convicted of the violation of a village ordinance.    Conviction affirmed.    The facts are stated in the opinion.

*James H. Kinnane,* for respondent.

*J. R. Cropsey,* for the village.

MONTGOMERY, J.    This is a prosecution under section 2 of ordinance 9 of the village of Vicksburg, which provides that—

"Any assemblage of persons, in any place in said village, engaged in any noisy, boisterous, contentious, or quarrelsome language or strife, or who shall be fighting or quarreling thereat, shall be deemed, and is hereby declared, a disorderly assemblage."

On the trial, the testimony tended to show that the

alleged disorderly assemblage was in the saloon of Howard & Wineberg in said village; and respondent insisted, and insists here, that section 2, above quoted, does not apply to assemblages of persons in a saloon, the precise contention being that section 2 is limited in its scope by section 1, which provides—

"That every assemblage of persons in any street, lane, alley, or public place in said village of Vicksburg, and upon any sidewalk or cross-walk thereof, and upon the street corners, and in front of or adjacent to any of the churches, hotels, business houses, or public buildings in the said village, engaged in noisy, boisterous, contentious language or conduct, shall be deemed a disorderly assemblage."

We do not think that section 2 is limited in its scope by section 1. If it were, section 2 would be apparently unnecessary.

It is also suggested that, unless section 2 is limited in its scope to public places, such as are enumerated in section 1, it is unconstitutional; but what provision of the Constitution it is claimed to infringe is not pointed out, and none with which it is in conflict occurs to us.

It is also objected that the circuit judge permitted the prosecutor to cross-examine the respondent, when upon the stand, as to facts occurring after he had left the saloon. The inquiry related to the subject of whether the respondent was attempting to follow up the parties with whom he was engaged in the quarrel in the saloon, and bore upon the question of motive.

Complaint is also made of a portion of the charge in which the judge instructed the jury that—

"If the defendant, Briggs, was engaged in fighting and quarreling with one Barnhart, and used loud and boisterous or profane language, respondent would be guilty, without regard to who was the aggressor."

But this is not a fair statement of the charge of the

court, for he charged, in connection with these instructions, as follows:

"If, on the other hand, what he [referring to respondent] claims is true, and what has been testified to by himself and his witnesses, and that all he did was to act in self-defense; that he used no vile and opprobrious language towards Barnhart on the occasion in which a disagreement arose as to whether Briggs was wrong or Barnhart was wrong; if a disagreement arose, and Barnhart was the aggressor, and that all Briggs did was to defend himself, —then he could not be convicted, although his defending himself would be technically fighting the other party."

We think the points of error relied upon were not well assigned.

The conviction will be affirmed.

The other Justices concurred.